## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201<br><br>**Plaintiff,**<br><br>v.<br><br>**Blackstone Consulting, Inc.,**<br>Largo Medical Center<br>1221 Mercantile Lane<br>Largo, MD 20774<br><br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Marta Rivas ("Rivas") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Blackstone Consulting, Inc. ("Defendant") unlawfully discriminated against Rivas by discharging her because of her national origin (Hispanic).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Blackstone Consulting, Inc. has continuously been a California Corporation with at least fifteen (15) employees doing business within Largo, Maryland and, providing environmental and janitorial services to Kaiser Permanente.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g), and (h).

6. At all relevant times, Defendant has employed Rivas within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Rivas filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On August 12, 2019, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join with the

Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 13, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. On or about May 25, 2017, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by discharging Rivas because of her national origin (Hispanic).

   a. Rivas was born in El Salvador and came to the United States in January 2016 not knowing any English.

   b. On March 17, 2017, Defendant hired Rivas as a part-time cleaner to perform work on its contract with Kaiser Permanente in Hyattsville, Maryland, working from 5:00 p.m. to 10:00 p.m. Monday through Friday.

   c. Rivas's employment with Defendant was her first job in the United States.

   d. Defendant interviewed and trained Rivas in Spanish.

  e. Defendant assigned Rivas to work with a Spanish-speaking supervisor and another Spanish- speaking cleaner (Hispanic).

  d. Rivas was responsible for emptying the trash, cleaning offices, kitchens and bathrooms in a medical center in Hyattsville, Maryland.  She, however, was not responsible for emptying hazardous waste receptacles or handling medical waste.

  e. Although her English-speaking skills were limited, Rivas performed her job satisfactorily.

  f. On or about May 25, 2017, Rivas visited the Environmental Services Department in Largo, Maryland to obtain her uniform.  While discussing the uniform sizes with the HR Generalist, Defendant's Environmental Services Director Marie Vought, who could overhear the conversation from a nearby cubicle, approached Rivas screaming at her in English.  When it was clear that Rivas did not understand, Vought switched to Spanish telling her "how is it that you do not know how to speak English?  In this company you are not allowed to work here if you don't know how to speak English."  Vought then brought Rivas into her cubicle and called someone on the phone. Although Rivas could not understand the conversation, it was clear to her that the telephone conversation was about her.  Vought then hung up the phone annoyed and told her in Spanish "Hispanics don't do anything in this country– all they do is watch Telemundo and Univision."  Rivas replied that being Hispanic was not illegal and that she was not a criminal because she had done nothing wrong.  Vought then gave her Rivas her business card, telling her that she would give her 30 days to go to a school to learn English and if she spoke English perfectly she then could have her job back. Vought thereafter terminated Rivas's employment.

14. The effect of the practices complained of above in Paragraph 13 has been to deprive Rivas of equal employment opportunities.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rivas.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees and/or committing other adverse employment actions on the basis of national origin;

B. Order Defendant to institute and carry out policies, practices, and programs which prevent harassment based on national origin;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate harassment based on sex, national origin and race;

D. Order Defendant to make Rivas whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.   Order Defendant to make Rivas whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above;

F.   Order Defendant to make Rivas whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.   Order Defendant to pay Rivas punitive damages for its callous indifference to her federally protected right to be free from discrimination on the basis of national origin;

I.   Grant such further relief as the Court deems necessary and proper in the public interest; and

J.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

_Maria Salacuse by DMX_
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
(410) 801-6709
maria.salacuse@eeoc.gov